**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-27424-KMM/YH**

**BLUE HORIZON INNOVATION LLC**,

*Plaintiff*,

*v.*

**PINGPING STOR**,

*Defendant*.
_______________________________________________/

# ORDER

This matter is before the Court on Plaintiff's Expedited *Ex Parte* Motion for Limited Third-Party Discovery Regarding Personal Jurisdiction ("Motion"). [ECF No. 18]. The Court has carefully reviewed the Motion, the record, and is otherwise fully advised in the matter. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

On October 20, 2026, Plaintiff filed its Complaint against the Partnerships and Unincorporated Associations Identified on Schedule alleging trademark infringement. *See generally* [ECF No. 1]. Four days later, Plaintiff amended the complaint to remove all but one defendant, pingping stor ("Defendant"). *See generally* [ECF No. 8 ("Amended Complaint")]. Plaintiff, a limited liability company with its principal place of business in Sheridan, Wyoming, is the owner of the BPPEG mark, U.S. Trademark Registration No. 7,724,044, which it uses for toilet tissue holders, soap containers, dinnerware, and related products. *Id.* ¶¶ 9–11. Defendant "is believed to be an individual or business entity operating from Yiwu, Zhejiang Province, China," that sells allegedly counterfeit or infringing BPPEG-branded toilet tissue holders through an Amazon storefront. *Id.* ¶ 13.

Plaintiff asserts that Defendant "willfully reproduced and used" Plaintiff's "BPPEG" mark without authorization, likely causing "confusion, mistake, or deception." *Id.* ¶¶ 15, 19. Plaintiff brings claims for trademark infringement and counterfeiting under 15 U.S.C. § 1114 (Count I) and false designation of origin under 15 U.S.C. § 1125(a) (Count II). *Id.* ¶¶ 17–26.

On October 26, 2026, Plaintiff filed an *Ex Parte* Motion for Order Authorizing Alternate Service of Process. [ECF No. 13]. The District Court granted Plaintiff's *Ex Parte* Motion. [ECF No. 14 at 11]. But the Court also expressed concern as to personal jurisdiction over Defendant. *Id.* The Court extended Plaintiff an opportunity to address jurisdiction in a supplemental filing. *Id.* After securing an additional fourteen days to respond, [ECF Nos. 16 & 17], Plaintiff filed this Motion, seeking early third-party discovery to determine "whether, and to what extent, Defendant . . . sold and shipped the accused products to customers in Florida." [ECF No. 18 at 1, 3].

Under Federal Rule of Civil Procedure 26(d), a party may seek leave of court to conduct discovery before engaging in a Rule 26(f) discovery conference. FED. R. CIV. P. 26(d). District courts have broad discretion in this area, *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015), and generally permit expedited discovery upon a showing of good cause. *Liangsword Ltd. v. P'ships, Unincorporated Ass'ns Identified on Schedule A*, No. 24-cv-60618-RS, 2024 WL 4486021, at *1 (S.D. Fla. May 14, 2024). The Court's good cause analysis considers the following factors:

> (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

*Pulsepoint, Inc. v. 7657030 Canada Inc.*, No. 13-cv-61448-BB, 2013 WL 12158589, at *1 (S.D. Fla. Oct. 31, 2013) (quoting *Thyssenkrupp Elevator Corp. v. Hubbard*, No: 2:13-cv-202-Ftm-29SPC, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013)).

The Court finds Plaintiff has established good cause for limited expedited discovery. Although there is no pending motion for preliminary injunction, that factor is not dispositive. *See e.g.*, *Max'is Creations, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-22920-BB, 2021 WL 4077957 (S.D. Fla. Sep. 7, 2021) (observing that "the entry of a TRO weighs in favor of allowing [expedited] discovery" but is not "dispositive"); *see also Pulsepoint, Inc.*, 2013 WL 12158589, at *1 (granting expedited discovery without a pending preliminary injunction motion). Indeed, "parties have a qualified right to jurisdictional discovery . . . meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (citing *Eaton v. Dorchseter Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (cleaned up)). The remaining factors favor granting the narrow relief Plaintiff seeks. Here, Plaintiff's request is limited in scope and narrowly tailored to a reasonable objective—establishing this Court's personal jurisdiction over Defendant. *See* [ECF No. 14 at 11]; *see also Mullane v. Almon,* 339 F.R.D. 659, 665–66 (N.D. Fla. 2021) ("When the other relevant factors support a finding of good cause, courts have found the following reasons to be sufficiently important to accelerate the discovery process . . . to establish a defendant's domicile or other information relevant to a court's ability to exercise personal or subject-matter jurisdiction."). Finally, because Plaintiff limits its expedited discovery request to certain "information concerning products offered by Defendant's Amazon storefront," [ECF No. 18 at 3], the burden of compliance on the third-party platform is limited. Under these circumstances, the Court concludes that the balance of factors weighs in favor of permitting limited expedited discovery.

That said, the timeline in this case bears closer review. As noted, the District Court issued its show cause order regarding jurisdiction on October 26, 2026, and gave Plaintiff five days to respond. [ECF No. 14]. After three of its five days had elapsed, Plaintiff moved for a fourteen-day extension of the response deadline, [ECF No. 16], which the District Court granted within 24 hours. [ECF No. 17]. Nearly a week after getting this extension, and after filing nothing to suggest it was moving toward satisfying the show cause order, Plaintiff filed the Motion. In the Motion, Plaintiff seeks a third-party subpoena—ex parte—to determine "whether, and to what extent, Defendant . . . sold and shipped the accused products to customers in Florida." [ECF No. 18 at 1, 3]. It thus appears that Plaintiff—weeks after filing its Amended Complaint and many days after the Court entered its show cause order—still lacks an answer to the jurisdiction question. And rather than filing this Motion immediately after the Court issued the show cause order, it waited *over a week* before seeking discovery. The Motion never explains this delay. To the contrary, Plaintiff represents that it has acted diligently in bringing the motion "before the extended deadline." [ECF No. 18 at 7]. But the record gives the lie to that claim. So the Court will grant the Motion, with two important caveats. First, Plaintiff's requested 3-day turnaround for discovery will be revised to seven days. If Plaintiff acts diligently, it will receive a response prior to the Court's November 14 deadline. Second, Plaintiff is on notice that future delays—particularly delays that place unnecessary time pressure on the Court and innocent third parties—may preclude relief.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff may serve a limited subpoena ("Subpoena") on non-party Amazon.com, Inc. ("Amazon").

2. Amazon shall, within seven (7) calendar days after receipt of such Subpoena, provide to Plaintiff expedited discovery, of the following from Defendant's Amazon storefront (Seller ID A5NEZK054HW0D), under ASINs B0HHMYHQB5 and B0HHN3D9Z1:

    a. For each order of an Accused Product identified by the above-referenced ASINs that was shipped to an address in Florida from January 1, 2025 through October 20, 2026: (i) the order date; (ii) the ASIN; (iii) the quantity; (iv) the sale price; (v) the ship-to city; (vi) the order number; (vii) if the order was cancelled, the cancellation type; and (viii) if the order was returned, the return order number; or

    b. If no Accused Products were shipped to an address in Florida during that period, a written statement to that effect.

**DONE AND ORDERED** in the Southern District of Florida on November 6, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record